## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| HERMAN BARLEY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Case No.: 5:14-cv-01543-WMA-SGC |
| | ) |
| ALABAMA DEPARTMENT OF MENTAL | ) |
| HEALTH and ROXANNA BENDER, in | ) |
| her official capacity as | ) |
| Director of Taylor Hardin | ) |
| Secure Medical Facility, | ) |
| | ) |
|     Respondents. | ) |

## <u>MEMORANDUM OPINION</u>

On April 14, 2015, the magistrate judge entered a report recommending that this petition for writ of habeas corpus brought by the petitioner, Herman Barley, be construed as invoking 28 U.S.C. § 2241 and be dismissed as moot. (Doc. 10). On April 27, 2015, petitioner, who is represented by counsel, filed objections to the report and recommendation. (Doc. 11). For the reasons that follow, the court concludes that petitioner's objections are due to be overruled and that the magistrate judge's report and recommendation is due to be accepted and adopted, as herein supplemented.

In 2004, the Circuit Court of Madison County found petitioner incompetent to stand trial for first degree burglary and committed him to the Alabama Department of Mental Health to be restored to competency. (Doc. 1 at 1; Doc. 1-1 at 2). Since that time,

petitioner has been confined at Taylor Hardin Secure Medical Facility. (Doc. 1 at 2).

In *Jackson v. Indiana*, 406 U.S. 715 (1979), the Supreme Court established the constitutional standard for pretrial confinement of incompetent criminal defendants. That standard is incorporated into Rule 11.6(d) of the ALABAMA RULES OF CRIMINAL PROCEDURE, which requires a state trial court to conduct an annual review of a pretrial detainee's confinement and to assess his competency and dangerousness. *See* Commentary to Rule 11.6 ALA. R. CRIM. PRO. At the time the instant petition was filed, nearly twenty (20) months had elapsed since the state trial court's last order of commitment. (*See* Doc. 1 at 2). On August 13, 2014, a week after the instant petition was filed, the state trial court renewed petitioner's commitment. (Doc. 7-2).

Petitioner's confinement at Taylor Hardin for more than a decade without being restored to competency or civilly committed is not the focus of the petition. Likewise, nowhere does petitioner: (1) contend he is competent to stand trial; or (2) challenge the substance of the state trial court's most recent order of commitment. Rather, the petition complains of the state trial court's failure to timely review his confinement, as required by Rule 11.6 ALA. R. CRIM. PRO. and *Jackson v. Indiana*, 406 U.S. 715. The petition also seeks petitioner's release from confinement on that basis. (Doc. 1 at 4). Because the state trial court reviewed

Petitioner's confinement and renewed his commitment after the petition was filed, the magistrate judge concluded that the petition was moot. (Doc. 10 at 3).

Petitioner raises three objections to the magistrate judge's conclusion that the petition is moot. (Doc. 11). First, petitioner posits that the state trial court's belated review of his confinement constitutes voluntary cessation of the prohibited conduct and contends that respondents have not met the burden required to moot petitioner's claims via voluntary cessation. (Doc. 11 at 1-2). Specifically, petitioner argues the state's conduct establishes that he will likely suffer future violations of his rights under *Jackson v. Indiana* and Rule 11.6. Next, for similar reasons, petitioner contends that the State's conduct falls under an exception to the mootness doctrine as being capable of repetition yet evading review. (*Id.* at 3-4). Finally, petitioner contends that the State lacked authority to renew his confinement once the valid commitment order lapsed because more than a year had passed since the state trial court's last order of commitment. (*Id.* at 4-5). Accordingly, petitioner argues the State trial court's renewed commitment order is invalid. Petitioner's objections are addressed in reverse order, below.

The contention that the State lost authority to renew petitioner's commitment after he had been confined for more than a year without review was first raised in petitioner's objections to

3

the magistrate judge's report and recommendation. (*See* Doc. 11 at 4-5 (acknowledging "this issue was not raised" in reply to respondents' contention that the renewed commitment mooted the petition)). The court has discretion to consider or not consider this new argument, which was not presented to the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Because there is some overlap between the newly-raised argument and properly raised objections, the court will exercise its discretion and address petitioner's new argument regarding the validity of the state trial court's most recent commitment order.

Even if petitioner had properly raised the foregoing argument in reply to respondents' answer, it would fail on the merits. Petitioner contends that because Alabama law does not provide for renewal of a forensic commitment after the time for review has lapsed, the state trial court's renewed commitment order is invalid and petitioner is due to be released via a federal writ. (Doc. 11 at 4-5). Petitioner cites no authority for this proposition, and this court is unaware of any such authority. The petition is based on a temporary violation of petitioner's procedural due process rights. Petitioner received his procedural due process, and the violation was cured when the state trial court belatedly reviewed petitioner's confinement and renewed his commitment. While petitioner may have suffered some damage as a result, his remedy does not lie in habeas. A temporary denial of procedural

4

due process which is subsequently cured does not mandate release of the aggrieved party. *See United States v. Timms*, 664 F.3d 436, 455 n.19 (4th Cir. 2012) (proper remedy for due process violation is not release but to conduct required hearing); *United States v. Magassouba*, 544 F.3d 387, 411 (2nd Cir. 2008).

Next, petitioner's properly raised objections, which are based on voluntary cessation and conduct capable of repetition but evading review, might have merit in a non-habeas context. If this were a suit for civil damages, petitioner's claims arguably would not be mooted by the state trial court's belated renewal of his commitment. However, a habeas petitioner is limited to attacking "the fact or length of his confinement" and civil damages are not available. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). When the state trial court renewed petitioner's commitment, it mooted the petition to the extent it seeks a hearing under Rule 11.6. Accordingly, the report and recommendation will be adopted and accepted in part, as supplemented, *infra*. It is true that the state trial court's most recent commitment order did not moot petitioner's request for release from confinement. However, as previously noted, release is not the proper remedy for the procedural due process violations alleged in the petition. *See Timms*, 664 F.3d at 455 n.19; *Magassouba*, 544 F.3d at 411. Thus, to the extent the petition seeks release, it is without merit given subsequent events and is due to be denied on that basis. This

denial will be with prejudice as to the events giving rise to this petition but without prejudice as to any future violations that may occur.

While not addressed in the report and recommendation, the court further concludes that petitioner's failure to exhaust his available state court remedies provides a basis on which to deny the petition insofar as it requests release from confinement.   In response to the magistrate judge's order to show cause, respondents argue that petitioner failed to exhaust his state remedies because he did not move the state trial court for a renewed order of commitment prior to filing the instant petition.   (Doc. 7 at 4). In reply, petitioner notes there is no right to appeal from a pre-conviction commitment order under Rule 11.6 and thus contends that his claims were exhausted.   (Doc. 9 at 3).

Petitioner is correct that there is no right to appeal a forensic commitment order under Rule 11.6.   *See Wells v. State*, 877 So. 2d 642, 644 (Ala. 2003).   Because the petition is moot to the extent it seeks a hearing under Rule 11.6, the court need not address whether petitioner was required to move for such a hearing in the state trial court in order to exhaust his state remedies. However, to the extent the petition seeks release from confinement, a remedy via a petition for habeas corpus in state court was available.   The Alabama legislature has provided that "[a]ny person confined as insane may prosecute a writ of habeas corpus." ALA. CODE

§ 15-21-3.  The Alabama Supreme Court has held that this section provides a means to challenge pre-trial detention due to incompetency.  *Wells*, 877 So. 2d at 644 (incompetent pretrial detainee's "remedy is to file a petition for a writ of habeas corpus according to § 15-21-3, Ala. Code 1975").  Accordingly, to the extent the petition seeks release from confinement, it is also due to be denied as unexhausted.

For all of the foregoing reasons, and after having carefully reviewed and considered *de novo* all the materials in the court file, the magistrate judge's findings are hereby **ADOPTED IN PART** and her recommendation is **ACCEPTED, AS SUPPLEMENTED HEREINABOVE.** Specifically, to the extent the petition seeks a state trial court review of his confinement, it will be dismissed as moot.  To the extent the petition seeks release from confinement, it will be denied on the merits and for failure to exhaust available state remedies.  This denial will be with prejudice as to the events giving rise to the instant petition but without prejudice as to any future violations that may occur.  Petitioner's objections (Doc. 11) are necessarily **OVERRULED.**  Because this matter is construed as arising under 28 U.S.C. § 2241, a certificate of appealability is not required.

A separate order will be entered.

DONE this 13th day of July, 2015.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE